IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON WAYNE GOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20cv00247 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GERALD WINFIELD, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Jason Wayne Gowen, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that the defendants, Lt. Winfield, Sgt. P.R. Fouché, Corp. Taylor, and Correction Officer D.M. Schneblagger (collectively "Defendants"), violated his due process rights by confining him to administrative segregation on an insufficient and fabricated basis. Defendants have filed a motion for summary judgment arguing, *inter alia*, that Gowen failed to fully exhaust his available administrative remedies before filing this action. After reviewing the undisputed evidence, the court agrees and will grant the defendants' motion.

**I.**

Plaintiff's action stems from his time as a pretrial detainee at the Lynchburg Adult Detention Center ("LADC"). The facts of the case are set forth in the court's prior Memorandum Opinion (Mem. Op. pgs. 2–5, Mar. 15, 2021 [ECF No. 45]), and need not be repeated here in great detail. On September 26, 2018, the air conditioner was not working at LADC. Inmates complained and asked that they be permitted to leave their "tray slots" open to increase air flow. Defendants allege that Gowen instigated several inmates to oppose

LADC's delayed response to their request, and Gowen and others refused to "lock down" until Gowen's demands were met. Once Maj. Enoch approved the request to keep the tray slots open, Defendants claim, Gowen told the other inmates to comply with the lock-down order. As a result, Gowen claims he was labeled a "management problem" and improperly confined to administrative segregation for more than 100 days.

Gowen claims that Defendants arranged or conspired to have him placed in administrative segregation as a means of punishment unrelated to any legitimate, non-punitive governmental objective, in violation of his Fourteenth Amendment due process rights. In their motion for summary judgment, Defendants contend that Gowen failed to exhaust his administrative remedies related to this claim.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). But if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a

court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Anderson*, 477 U.S. at 252; *see also Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment).

### III.

Defendants argue that Gowen failed to exhaust available administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). The court agrees and will grant their motion for summary judgment.

### A.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v.*

*Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). A prisoner must exhaust all available administrative remedies, regardless of whether they meet federal standards; are plain, speedy, or effective; or if exhaustion would be futile because those remedies would not provide the relief the inmate seeks. *Davis v. Stanford*, 382 F. Supp. 2d 814, 818 (E.D. Va. 2004).

Ordinarily, an inmate must follow the required procedural steps to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725 & 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("The second PLRA amendment made clear that exhaustion is now mandatory."). An inmate's failure to follow the prison's administrative remedy process, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar the claim. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). But the court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, an inmate need only exhaust "available" remedies. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725.

**B.**

In support of their motion for summary judgment, Defendants presented the declaration of Maj. William Enochs, which outlines the process for filing a grievance at LADC, discusses Gowen's record of filing informal and formal grievances, and includes a copy of LADC's grievance policy. (*See generally* Decl. of William H. Enochs, Jr. Ex. A, May

27, 2021 [ECF No. 54-8].) According to the policy, "[i]f an inmate has a concern he . . . feels is the basis of a grievance, the inmate must first make an effort to verbally resolve the situation with the officer assigned to the housing unit." (*Id.* Ex. A ¶ B.1.) "If the situation is not resolved to the inmate's satisfaction, he . . . must list the complaint on an Inmate Request Form and return the completed form to the housing unit officer. The housing unit officer will forward the request to the shift leader, who will respond to the inmate in writing." (*Id.* Ex. A. ¶ B.2.) If the inmate is still not satisfied, he can file a formal grievance with the housing unit officer. (*Id.* Ex. A. ¶ C.1, C.3.) And if the inmate is not satisfied with the outcome of his grievance, he may file an appeal; the appeal is the final level of review. (*Id.* Ex. A. ¶ F.1.)

> In his declaration, Maj. Enochs states:
>
>> Between September 26, 2018 (the day Gowen entered administrative segregation) and April 27, 2020 (the day Gowen's lawsuit was filed), Gowen submitted seventy-two (72) request forms to jail staff, which were all documented and answered. During the same time period, Gowen submitted five (5) grievances, which were also all documented and answered. None of Gowen's request forms or grievances related to his placement in administrative segregation on September 16, 2018, [the Institutional Classification Committee] hearing on October 30, 2018, or conditions while in administrative segregation between September 16, 2018 and January 30, 2019. In other words, none of Gowen's request forms or grievances related to the allegations in this lawsuit. . . . Gowen therefore did not exhaust his administrative remedies.

(*Id.* ¶¶ 8–9.) Although Gowen responded, in detail, to all the other declarations filed by the defendants (*see* ECF No. 73 [declarations in response to Winfield's, Chambers's, Fouché's, and Taylor's declarations]) he did not respond to Maj. Enochs's declaration and did not address Defendants' exhaustion argument *at all* in his brief in opposition to summary

judgment (ECF No. 73, pgs. 58–79.) According to Federal Rule of Civil Procedure 56, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed . . . [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e). And "[f]ailure to respond to an argument made in a dispositive pleading results in a concession of that claim." *United Supreme Council, 33 Degree of the Ancient and Accepted Scottish Rite of Freemasonry, Prince Hall Affiliation, S. Jurisdiction of the U.S. v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry, S. Jurisdiction, Prince Hall Affiliated*, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018); *see also Yahya v. Barr*, No. 1:20-cv-01150, at *2 (E.D. Va. Jan. 19, 2021) ("Because [plaintiff] has failed to address an argument made in a dispositive pleading, the Court must accept the argument as conceded."); *E. W., LLC v. Rahman*, 873 F. Supp. 2d 721, 728 (E.D. Va. 2012) (citing *Kinetic Concepts, Inc. v. Convatec, Inc.*, No. 1:08-cv-00918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010) (collecting cases)); *Kissi v. Panzer*, 664 F. Supp. 2d 120, 123 (D.D.C. 2009) ("Because the plaintiff's opposition fails to address the defendants' arguments, the Court may treat the defendants' motion as conceded."); *Am. Registry of Radiologic Technologists v. Bennett*, 655 F. Supp. 2d 944, 946 n.2 (D. Minn. 2009) ("It is well-established that a party concedes an issue by failing to address it in an opposing brief."); *Hostway Corp. v. JP Morgan Chase Bank, N.A.*, No. 09CV151, 2009 WL 2601359, at * 6 (N.D. Ill. Aug. 24, 2009) (unpublished) ("By failing to address JPMorgan's republication argument in its response brief, Hostway has at least tacitly conceded the point."); *In re Paoli R.R. Yard PCB Litig.*, No. 86-2229, 1992 WL 323589, at *2 (E.D. Pa. Oct. 21, 1992) (unpublished)

("Plaintiffs' response to this motion completely fails to address Defendants' position with respect to [this issue] and is therefore deemed to admit and concede its correctness.").

Aside from the fact that plaintiff has conceded this argument by failing to respond to it, the court does recognize that, in his verified complaint, Gowen does claim that he submitted informal requests and grievances related to his placement in administrative segregation, but that he received no response.[1] (*See, e.g.*, Compl. ¶¶ 72–82.) But "unsubstantiated and conclusory assertions by prisoner-plaintiffs that prison grievances were hindered, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, fail to create a genuine issue of material fact sufficient to withstand summary judgment." *Pickens v. Lewis*, No. 1:15-cv-275-FDQ, 2017 WL 3277121, at *4 (W.D.N.C. Aug. 1, 2017); *see also Graham v. Stallard*, No. 7:17-cv-00035, 2020 WL 5778790, at *10 (W.D. Va. Sept. 28, 2020); *Goodwin v. Beasley*, No. 1:09cv151, 2011 WL 835937, at *3 (M.D.N.C. Mar. 3, 2011) ("Plaintiff's conclusory allegations that prison officials did not cooperate with him and that the grievance process at the jail was defective are not enough to excuse his failure to exhaust."). "To find otherwise would permit an inmate, this one and all others, to circumvent the exhaustion requirement merely by making unsupported allegations of purported acts of neglect and obstruction by prison officials of the administrative process." *Allen v. Cartridge*, No. 8:08-600-HFF-BHH, 2010 WL 1257333, at *2 (D.S.C. Mar. 29, 2010).

---

[1] Plaintiff also suggests, through the declaration of another inmate, that forms were difficult to obtain and that a "black market" existed for forms among the inmates because staff frequently refused to supply the forms upon request. (*See* Decl. of Daniel Brown pg. 1–2, Apr. 16, 2020 [ECF No. 1-1].) Nevertheless, Gowen does not dispute Maj. Enochs's testimony that Gowen filed *72* inmate requests and *5* grievances between September 26, 2018, and April 27, 2020. (Enochs Decl. ¶ 8.)

There is no doubt that, as a pretrial detainee, Gowen was a "prisoner" subject to the PLRA and its exhaustion requirements. *See Moss v. Harwood*, No. 1:18-cv-122-FDW, 2019 WL 4263826, at *11 (W.D.N.C. Sept. 9, 2019). Because Gowen has failed to establish a genuine issue of material fact with regard to his failure to exhaust his administrative remedies, his claim is barred.[2]

## IV.

Because there is no genuine dispute of material fact regarding Gowen's failure to file a grievance regarding his placement in administrative segregation, he failed to exhaust the available administrative remedies as required by federal law. Defendant's motion for summary judgment will therefore be granted.

The clerk is directed to froward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 18th day of March, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Although not raised by Gowen, the court notes that LADC's policy states that "[g]rievances will not be accepted for . . . [d]isciplinary hearings, decisions, convictions and penalties." (Enochs Decl. Ex. A. ¶ A.3.) Insofar as Gowen might contend that a grievance was not "available" to him, such an argument would be "without merit." *Watkins v. Guilford Cnty. Sheriff's Dept.*, No. 1:06cv995, 2007 WL 4939049, at *4 (M.D.N.C. July 5, 2007). Exhaustion is mandatory regardless of whether exhaustion would be futile because those remedies would not provide the relief the inmate seeks. *See Davis*, 382 F. Supp. 2d at 818. Moreover, like in *Watkins*, "informal procedures [at LADC] available before a formal grievance carry no limitations at all. These procedures were clearly available to [Gowen], yet he failed to utilize them." *Id.*